UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
WASHINGTON, DC  20001

| | |
|---|---|
| **JIMMY LANCE** <br> 1311 Shepherd St. NE <br> Washington, DC  20017 <br><br> Plaintiff, pro se <br><br><br> **GEORGETOWN UNIVERSITY** <br> 37th O Streets, N. W. <br> M-36 Darnall Hall <br> Washington, DC  20057 <br><br> Defendant. | Case: 1:19-cv-03048  JURY DEMAND <br> Assigned To : Jackson, Ketanji Brown <br> Assign. Date : 10/11/2019 <br> Description: Employ. Discrim. (H-DECK) |

## Complaint

The plaintiff, **Jimmy Lance**, pro se pursuant to Title VII of the Civil Right Act of 1964, Sec. 2000e-3, et seq, 42 U.S.C.   This Court has jurisdiction over the employment discrimination claims pursuant to Enforcement Provisions Sec 2000e - 3, 42 U.S.C, See also, Intentional Race and Color Discrimination under Title VII, 42 U.S.C., Sec 2000e - 2(m) (1994).

The plaintiff, **Jimmy Lance**, pro se complaint allege facts in support of a critical element of claims for negligence. The Plaintiff's element of claims is as following:

### OTHER UNLAWFUL EMPLOYMENT PRACTICES

SEC. 704. (a) It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an



RECEIVED
OCT 1 1 2019
Clerk, U.S. District and Bankruptcy Courts

employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed, any practice made an unlawful employment practice by this title, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title.

(b) It shall be an unlawful employment practice for an employer, labor organization, or employment agency to print or publish or cause to be printed or published any notice or advertisement relating to employment by such an employer or membership in or any classification or referral for employment by such a labor organization, or relating to any classification or referral for employment by such an employment agency, indicating any preference, limitation, specification, or discrimination, based on race, color, religion, sex, or national origin, except that such a notice or advertisement may indicate a preference, limitation, specification, or discrimination based on religion, sex, or national origin when religion, sex, or national origin is a bona fide occupational qualification for employment.

## ALLEGATION

On Monday, June, 10 I, Jimmy Lance want to hand a grievance letter to the Union SEIU 1999. At this union meeting, Ms. Diann N. Smith, Director, Alice Affolter, union representative, and Vice President of SEIU 1999 and others were present. I, excuse myself for not knowing if the meeting was open or close meeting. Ms. Smith blurred out, "you not excuse." Then, I was told I can stay and have a seat. I reply, "who is the vice president of the union and is she presents." Again, I was told to have a seat. I reply, "I will wait out in the hall until a break."

Next, the vice president of SEIU 1199 and Alice Affolter met me in the hall lobby area. The vice president introduced herself and Alice appears. I, said, "I don't want her, I want to talk to the union member." The vice president asks Alice to join her, and if, I had a preference. I said, "No! she does not have a CDL, and can't represent me, if she not in standard." Alice replies, "I do have a CDL, and do you want Al-lee?" I said, "No! you both will do the same, nothing."

At the end of our conversation, I, Jimmy Lance was at the exit door. The vice president and Alice were at the meeting room door, while Alice hold the door open. At some point, Alice begin making derogatory statements toward me. Alice continues, while the vice president asks her to stop three times. Alice mentions, "gay people, marriages, and the reasons she did not vote for her. Finally, saying, "he's not going to get any of his money back They were on a rolled taking his money."

The next day, Tuesday, June 11, 2019, I met with Alice and she offer me an apology for her conducted at the meeting. Alice hand me back my letter and tried explaining the hours of work for a day. Alice, also said again, "they are not going to paid

you for any of the money.  You can get whoever you want to represent you, since you do not want me."

On Wednesday, June 12, 2019, Mr. Getu Woldemarian came to me, and ask when can I meet with Ms. Smith.  I reply, "not this week and maybe next week."  Mr. Getu, said, "I accepted the pay rate and that will not change."  Mr. Getu, also said, "they are not going to paid you any back paid."  I reply, "Alice said the same thing and how could she speaks for them, she a co-worker."  I never met with Ms. Smith.

During the next couple weeks, Alice had gotten into trouble with the vice president, law enforcement, and Department of Motor Vehicle.  From these incidents, I was the blamed of her down fall.  Later, I was hearing people saying, Alice was getting Georgetown University employees to send e-mail to Ms. Smith, requesting me to get fired. I have attached letters, documents, and forms to be added to this case.  **See Attachment**. **Charge of Discrimination, Dismissal and Notice of Right, EEOC Inquiry Questionnaire # 570-2019-02634, Discrimination Race Letter, Grievance Letter, Pay Slips Date 5/10/2019-5/24/2019-06/07/2019, GU – Terms and Conditions # 1, GU and 1199 SEIU Agreement # 5, and Article XXII – Grievance Procedure, GU – Confidentiality Agreement # 4, 5, 6, and 7.**

**LEGAL ASPECT AND CIRCUMSTANTIAL EVIDENCE**

As a consequence of the Defendants' negligence and the aforesaid claims, these legal standard and evidence can prove that some part of these claims are true, and should be held as a count for relief as this court may deem just and proper.

SECTION 15: **RACE & COLOR DISCRIMINATION**

Notice Concerning the Supreme Court's Decision in *Vance v. Ball State University, 133 S. Ct. 2434 (2013)*

The standard for employer liability for hostile work environment harassment depends typically on whether or not the harasser is the victim's supervisor. An employer is vicariously liable for a hostile work environment created by a supervisor. In *Vance v. Ball State University, 133 S. Ct. 2434 (2013), the Supreme Court* rejected in part the EEOC's definition of "supervisor." The Court held that an employee is a "supervisor" if the employer has empowered that employee "to take tangible employment actions against the victim, i.e., to effect a 'significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" The Court stated that an employer is liable for hostile work environment harassment by employees who are not supervisors if the employer was "negligent in failing to prevent harassment from taking place." In assessing such negligence, the Court explained, "the nature and degree of authority wielded by the harasser is an important factor to be considered in determining whether the employer was negligent." Also relevant is "[e]vidence that an employer did not monitor the workplace, failed to respond to complaints, failed to provide a system for registering complaints, or effectively discouraged complaints from being filed."

**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.,**

1. After the Civil Rights Act of 1991, the following remedies are available under Title VII:

    (iii) Equitable relief, including injunction, promotion and/or reinstatement.

    b. The compensatory and punitive damage now available are subject to a cap based upon the size of the employer. The caps apply as a restriction on the combined compensatory and punitive damages award, but do not encompass the past and future lost income and benefits, or the attorney's fees and cost, set separately by the court.

    (i) 15 to 100 employees - $50, 000.

**Section 1981, Civil Rights Act of 1866, 42 U.S.C § 1981.**

1. Application: Prohibits purposeful race discrimination in employment, including discharge.

    a. Applies to acts of private individuals unsupported by state action, as well as city, county and state entities (but certain immunity defenses may apply for state and local officials).

    b. Embraces "disparate treatment" theory of discrimination but not "disparate impact" theory.

5. Remedies:

    a. Compensatory and punitive damage - no limit or cap applies. However, punitive damages must meet the federal standards

(where employer's conduct motivated by evil motive or intent or when it involves reckless or callous indifference to federally protected right), and will not likely be available against a municipality.

WHEREFORE, Plaintiff's prays for relief that this Honorable Court will enter a Judgment in favor of Plaintiff's declaring that the Defendants violated Title VII on the basis of race or color, and claims the following:

### OTHER UNLAWFUL EMPLOYMENT PRACTICES

SEC. 2000e-3. [Section 704]   The Plaintiff's request a judgment in favor of Plaintiff's for **(a) compensatory and consequential damages** in the amount of 20,000., and a judgment in favor of Plaintiff's for **(b) punitive and reasonable accommodation damages** in the amount of 20,000. The total damages amount of money is 40,000.

Dated this __11th__ day of October, 2019

_____
Signature

Jimmy Lance, pro se
P.O. Box 41273
Washington, DC. 20018

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
WASHINGTON, DC 20001

Jimmy Lance
1311 Shepherd St. NE
Washington, DC 20017

      Plaintiff, pro se

v.

Case No.

GEORGETOWN UNIVERSITY
37th O Streets, N.W.
M-36 Darnall Hall
Washington, DC. 20057

      Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on ___10-11-2019___, I electronically filed

**COMPLAINT**
**DISCRIMINATION RACE AND OTHER UNLAWFUL EMPLOYMENT PRACTICES**

with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following: and I hereby certify that on [date], I mailed by United States Postal Service, the document(s) to the following non-registered participants:

Respectfully submitted,

_____
Jimmy Lance, Plaintiff, pro se
202-465-6195

GEORGETOWN UNIVERSITY
37th O Streets, N.W
M-36 Darnall Hall
Washington, DC 20057

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
WASHINGTION, DC 20001

| | |
|---|---|
| Jimmy Lance<br>1311 Shepherd St. NE<br>Washington, DC 20017<br><br>　　　Plaintiff, pro se<br>　v.<br><br>**GEORGETOWN UNIVERSITY**<br>37th O Streets, N.W.<br>M-36 Darnall Hall<br>Washington, DC. 20057<br><br>　　　Defendant. | Case No. |

## AFFIDAVIT

BEFORE ME, the undersigned authority, on this day personally appeared

**JIMMY LANCE, process** server in the captioned matter, who after being by me duly sworn, states on oath that he served certified copy of the

## COMPLAINT

## DISCRIMINATION RACE AND OTHER UNLAWFUL EMPLOYMENT PRACTICES

certified mail return receipt requested, by mailed, service on the defendant through **FedEx Shipment and U.S. Postal Service,** at _____ and _____, on the 11th day of October, 2019 at Washington, D.C.

*[signature]*
Jimmy Lance Process Server

SWORN TO AND SUBSCRIBED before me, Notary, on this, the 11TH day of October, 2019

Notary Public

SUSAN M. MEINHARDT
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 30, 2024

*[signature: Susan M Meinhardt]*